UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | CASE NO.  1:13 CV 1763 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNKNOWN NAMED FEDERAL | ) | |
| JUDGES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Frederick Banks filed the above-captioned *in forma pauperis* Complaint

for a Writ of Mandamus against an Unknown Named Number of Federal Judges and United

States Covert Government Agents, CCA Corrections Corporation of America (Youngstown),

Judge Joy Flowers Conti, FBOP, Judge Nora Barry Fishner, Judge Thomas Hardiman, Eric

Holder, Charles Samuels, United States Court of Appeals for the Third Circuit and the United

States of America.  Mr. Banks alleges the Defendants used "Voice to Skull" ("V2K") technology

to harass him.  He seeks damages in the amount of $650,000,000.00, as well as an order

enjoining the Defendants' future attempts to engage in this activity.

*Background*

Mr. Banks was incarcerated at the Northeast Ohio Correctional Center (N.E.O.C.C.)

when the Defendants allegedly started to use V2K technology to harass him.[1]  He quotes a definition provided by the Federation of American Scientists (FAS) to describe V2K as a nonlethal weapon "which includes (1) a neuro-electronmagnetic device which uses microwave transmission of sound into the skull of person or animals by way of pulse-modulated microwave radiation; and (2) a silent sound device which can transmit sound into the skull of [a] person or animals."  (Doc. No. 1.)

The Bureau of Prisons' (BOP) website reveals Mr. Banks was released from N.E.O.C.C. on May 24, 2013.  On some undisclosed date, he contacted Hardiman, Conti, Fischer and the Court of Appeals to presumably complain about V2K.  He alleges, however, that he was rebuffed by a clerk named Sharon.  While she allegedly laughed at his concerns regarding V2K, the named Defendants stated they knew nothing about the technology.

Mr. Banks believes the technology exists and includes a link to the FAS website http://www.fas.org/sgp/othergov/dod/vts.html.pdf to substantiate his claim that "thousands of Americans have complained of the same thing in federal courts and that the same technology was being employed against them." *Id.*   He also provides a link to *Wired* magazine, which allegedly reported that the Army removed its information regarding V2K technology from its website.

---

[1]Two indictments were filed against Mr. Banks in the United States District Court for the Western District of Pennsylvania.  *See United States v. Banks*, No. 2:03cr0245 (W.D. Pa. filed Oct. 7, 2003 ), *United States v. Banks*, No. 2:04cr0176 (W.D. Pa. filed July 20, 2004)(Fischer, J.) Convicted of mail fraud, criminal copyright infringement, money laundering, possession of counterfeit or forged securities and witness tampering, Mr. Banks was sentenced by Judge Nora Barry Fischer to several concurrent sentences of 60 months on Case No. 2:03cr245.  Judge Fischer subsequently imposed a consecutive 63 months sentence for mail fraud in Case No. 2:04cr0176.

Finally, Mr. Banks believes the Defendants used the technology against him "because he should not suit [sic] people that could put him in prison aka Federal Judges."  (Doc. No. 1, at 2.) He seeks compensatory and punitive damages because he claims the Defendants acted willfully, maliciously, and knowingly to deprive him of sleep and interfere with his daily activities.

### Standard of Review

Although *pro  se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th  Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, *see Neitzke* at 327–28, and "claims describing fantastic or delusional scenarios." *Id*. at 328; *see also Denton v. Hernandez*, 504 U.S. 25 (1992).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

### Jurisdiction

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction.  *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).  Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377(1994).  Accordingly, if subject matter jurisdiction does not exist, a federal court cannot adjudicate the action. *Ins.*

*Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).  Therefore, before reaching the merits of a case, federal courts are obliged to ensure they enjoy subject matter jurisdiction.  *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431 (2007)("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.")

    There is no statement or reference in the Complaint that sets forth this Court's jurisdiction over the matter.  Principles requiring generous construction of pro se pleadings are not without limits.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Id.* at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Id.* at 1278.   Although the Civil Rule 8 pleading standard does not require "detailed factual allegations," it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.*  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement. *Id.*  It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*

    When a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, a claim has facial plausibility. *Id.*  The plausibility standard requires more than a scant possibility that a defendant has acted

-4-

unlawfully. *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.

Mr. Banks characterizes his pleading as a Complaint for a Writ of Mandamus. Although he does not cite any relevant statute, section 1361 of United States Code Title 28 mandates that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361.  Mr. Banks does not argue the Defendants owe him any clear duty, however.

The purpose of section 1361 is to compel a Government official or agency to perform a duty or to make a decision.  As a precondition to the issuance of the writ, a petitioner must establish he has no alternative remedy or other adequate means to secure his desired relief, and he must demonstrate a clear and indisputable right to the relief sought. *Kerr v. United States District Court*, 426 U.S. 394, 403 (1976).  A writ is not a substitute for an appeal.  *See In Re Ford Motor Co.*, 110 F.3d 954, 957 (3rd Cir. 1997), *overruled on other grounds* by *Mohawk Industries, Inc. v. Carpenter,*558 U.S. 100 (2009).   It is only when a direct appeal is unavailable that the court will determine whether a writ of mandamus can issue.  *Id.*

Mr. Banks does not articulate what decision he is compelling the Defendants to make. While he does seek injunctive relief from this Court, barring Defendants from using V2K technology to harm him in the future, mandamus relief is only available to compel an official or agency to act where there is a duty to act or where the official or agency has failed to make any decision in a matter involving the exercise of discretion.

-5-

Mr. Banks's filing suggests the Defendants engaged in acts that injured him physically and emotionally.  He does not state how he knows the Defendants are responsible for causing his alleged injuries, only that he believes he is being injured in retaliation for filing numerous lawsuits.  This Court cannot, however, draw any reasonable inference that the Defendants are liable under any federal law for the misconduct alleged.  Accordingly, Mr. Banks has failed to state any federal claim for relief.

*Conclusion*

Based on the foregoing, Mr. Banks's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and the Complaint is dismissed pursuant to 28 U.S.C. §1915(e).  Further, the Court certifies that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

---

[2]  28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

-6-